UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Thomas Estabrook

    v.                                             Civil No. 11-cv-096-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


**O R D E R**

Before the court is the petition for writ of habeas corpus (doc. no. 1), filed by counsel on behalf of petitioner, Thomas Estabrook. The matter is here for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Standard of Review**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P.

12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a petition for federal habeas relief. See Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991) (habeas petition was properly dismissed on the merits sua sponte, where petitioner's arguments were readily resolved without resort to transcript, and district court had access to pertinent documents filed with petition including parties' state court briefs and state court decision); see also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims); cf. Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## Background

The facts and underlying procedural history of the criminal case are clearly stated in the petition (doc. no. 1) and the exhibits thereto. The following is a summary of that background information.

This case arises from charges that Estabrook had sexual contact with his minor stepdaughter in 2008. Estabrook hired

Attorney Paul Maggiotto to represent him on the charges. Estabrook maintained his innocence.  One defense theory was to impugn the victim's truthfulness, by showing that she was making phone calls during most of the time frame when she claimed that she had been assaulted.  Attorney Maggiotto engaged an investigator, who interviewed people the victim had called, and also obtained, through discovery, the phone records for a key witness's cellular phone.  The State initially resisted Estabrook's efforts to obtain the phone records, then turned them over after Attorney Maggiotto filed a motion in limine to obtain them.

    Attorney Maggiotto told Estabrook that the investigator's report was not helpful, but Estabrook asserts that Maggiotto did not show him the report.  Estabrook asserts that Attorney Maggiotto never told him that the State had ultimately turned over the phone records for one witness.  Attorney Maggiotto never showed Estabrook certain letters from the prosecutor proposing a three to eight year sentence and rejecting a one year jail term.

    Estabrook pleaded guilty in January 2009 to a felony charge of aggravated felonious sexual assault and a misdemeanor charge of sexual assault, after consulting with Attorney Maggiotto.

Prior to the hearing, Estabrook had taken an excess of anxiety medication, more than his prescribed dose, and asserts that it affected his judgment.

After Estabrook pleaded guilty to the two charges, on January 14, 2009, the judge sentenced Estabrook on the felony conviction to three to eight years in prison, stand committed, with up to one year of the minimum sentence suspended if he completed the sexual offender program while incarcerated.  His sentence on the misdemeanor count was one year in the House of Corrections, stand committed, to run concurrently with his sentence on the felony conviction.

In March 2010, Estabrook filed a motion to withdraw his guilty pleas and to vacate his convictions.  In that motion, Estabrook asserted that Attorney Maggiotto had provided ineffective assistance in connection with Estabrook's decision to plead guilty, that Estabrook had taken an excess of anxiety medication prior to the change of plea hearing, and that, for those reasons, Estabrook's pleas were not knowing, intelligent, and voluntary.  The Superior Court held an evidentiary hearing, and in an order issued July 16, 2010, denied the motion to withdraw the pleas.  Estabrook's motion to reconsider, filed on July 23, 2010, was denied on August 2, 2010.

Estabrook filed a notice of discretionary appeal, seeking New Hampshire Supreme Court ("NHSC") discretionary review of the Superior Court's orders on his motion to withdraw the pleas and vacate the sentences.  The NHSC declined the appeal.  See State v. Estabrook, No. 2010-0593 (N.H. Oct. 7, 2010) (Ex. 5 to Pet., doc. no. 1-5).

Estabrook filed the instant petition for federal habeas relief under 28 U.S.C. § 2254 in March 2011.  The petition asserts the following claims[1]:

> 1. Estabrook was deprived of his Sixth Amendment right to the effective assistance of counsel from Attorney Paul Maggiotto in connection with the change of plea, in that counsel:
>
>> (a) misrepresented to Estabrook the specifics of the plea agreement, leading him to believe that the negotiated sentence was for a one-year committed jail sentence;
>>
>> (b) misrepresented to Estabrook the specifics and content of discovery and the nature of information obtained through a defense investigation, and failed to review and discuss that information with Estabrook;
>>
>> (c) allowed Estabrook to plead guilty despite knowing that Estabrook's admission of guilt was not true, given that Estabrook had, prior to his guilty plea, maintained that he was innocent of the charges;

---

[1] The claims identified herein shall be considered to be the claims asserted in the petition (doc. no. 1).  If Estabrook disagrees with this identification of the claims, he must properly file a motion for reconsideration of this Order, or a motion to amend the petition.

      (d) told Estabrook that if he went to trial he would lose and receive the maximum penalty; and

      (e) told Estabrook, during a recess in the change of plea hearing shortly after Estabrook entered his guilty pleas, that he could not withdraw his pleas because no one would believe him.

2. Estabrook's guilty pleas were not knowing, voluntary, and intelligent, and his convictions and sentence violated his right to due process under the Fourteenth Amendment in that:

      (a) the pleas were based on the provision of ineffective assistance of counsel, as outlined in Claims 1(a)-(e) above;

      (b) Estabrook took an excess of anti-anxiety medication prior to the change of plea hearing, which affected his judgment and ability to understand the proceedings.

## Discussion

I. <u>Custody</u>

To be eligible for habeas relief on his federal claims, Estabrook must show that he is in custody in violation of his federal constitutional or statutory rights. <u>See</u> 28 U.S.C. § 2254(a). Here, Estabrook's imprisonment pursuant to the challenged conviction satisfies the custody requirement. His claims in the petition, asserting violations of his Fourteenth Amendment due process right and his Sixth Amendment right to the effective assistance of counsel, are both potentially cognizable in a § 2254 petition seeking to overturn a guilty plea. <u>See,</u>

e.g., Hill v. Lockhart, 474 U.S. 52, 58 (1985) (two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel (citing Strickland v. Washington, 466 U.S. 668 (1984)); United States v. Ward, 518 F.3d 75, 81 n.8 (1st Cir. 2008) ("To satisfy the requirements of due process, it has been long established that a guilty plea must in fact be knowing, intelligent, and voluntary." (citing McCarthy v. United States, 394 U.S. 459, 466 (1969)).

II. Exhaustion

To be eligible for relief on his federal claims in a § 2254 petition, a petitioner must show that he has exhausted the remedies available to him in the State courts on those claims, or that State corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(d). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. See id. § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is

ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). The exhaustion inquiry does not turn on whether the NHSC chose to ignore a federal issue squarely presented to it. See Dye v. Hofbauer, 546 U.S. 1, 3 (2005). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).

Most of the subparts of the claims raised in this petition appear to have been exhausted in the state courts. The court notes, however, that petitioner's counsel has outlined the Sixth and Fourteenth Amendment claims asserted here in a manner that appears to expand the scope of the claims asserted in the state courts. Specifically, the petition here asserts two bases, identified as claims 1(c) and 1(e) above, for his claim that

counsel's performance was deficient that do not appear to have been raised in his state court litigation of his federal ineffective assistance claim. The corresponding due process claim based thereon (Claim 2(a), to the extent it is based on Claim 1(c) and (e)) similarly does not appear to have been raised in the state courts.

A so-called mixed federal habeas petition, containing both exhausted and unexhausted claims, is subject to being dismissed without prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005). Alternatively, a petitioner may be granted leave to file an amended petition that omits the unexhausted claims, see id., although choosing to forego unexhausted claims, the petitioner risks losing the chance to file these claims in a future habeas petition, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b).

This court need not rule at this time on whether those subparts of Estabrook's Sixth and Fourteenth Amendment claims render the petition a mixed petition. As explained below, there is a merits-based reason for dismissing the petition in its entirety: the one-year statute of limitations applicable to §

2254 petitions. See 28 U.S.C. § 2254(b)(2) (application for writ of habeas corpus may be denied on merits, notwithstanding failure to exhaust state remedies); see also Day, 547 U.S. at 209-10 (district courts have discretion to dismiss sua sponte time-barred § 2254 petition, after according parties notice and opportunity to present their positions, and assuring itself that dismissal on such grounds is in interest of justice, and that petitioner would not be significantly prejudiced by any delay in focusing on statute of limitations, where state failed to assert that affirmative defense in its response to § 2254 petition).

III. Statute of Limitations

    A.   One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., sets a one-year limitations period for federal habeas petitions by state prisoners. See 28 U.S.C. § 2244(d)(1). That period runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review, excluding time spent in post-conviction state proceedings initiated during the one-year period. 28 U.S.C. § 2244(d)(1)(A); see Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (post-conviction state court

litigation filed after AEDPA's limitations expire does not stop or reset the clock). Certain exceptions to the AEDPA statute of limitations exist where the untimely filing was caused by (1) state-impeded relief, (2) new constitutional rights created by the Supreme Court, or (3) newly discovered facts. See 28 U.S.C. § 2244(d)(1)(B)-(D). Not one of those exceptions applies here.

Here, Estabrook's convictions and sentences became final on January 14, 2009, when he pleaded guilty and was sentenced in Superior Court. Estabrook did not file any motions or other applications for post-conviction review until more than a year later, in March 2010, when he filed the motion to withdraw the pleas. In the interim, the one-year statutory period expired.

B. Equitable Tolling

The one-year AEDPA statute of limitations is subject to equitable tolling. See Holland v. Florida, ___ U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010). A habeas petitioner seeking equitable tolling bears the burden of establishing that he has pursued his claims diligently, and that some extraordinary circumstance stood in the way of his timely filing. See id. Equitable tolling "should be invoked only sparingly." Ramos-Martinez v. United States, 638 F.3d 315, 322 (1st Cir. 2011) (citation and quotation marks omitted). Equitable tolling "is

available only in cases in which 'circumstances beyond the litigant's control have prevented'" him from timely filing.  Id. (citation omitted).  Whether equitable tolling should be applied depends on the "totality of the circumstances."  Id. at 324.

The record contains virtually no suggestion that Estabrook pursued his federal claims diligently in the year that transpired before he filed a motion to withdraw his guilty pleas in Superior Court.  Moreover, the record provides no basis upon which this court could find that exceptional circumstances beyond Estabrook's control prevented him from filing a timely § 2254 petition.

In the interest of judicial efficiency and fairness to Estabrook, the court will provide Estabrook an opportunity to file an amended petition at this time, showing the grounds upon which this court may find that his petition is not time-barred. Estabrook will also have an opportunity to state, if he can demonstrate that the petition is timely, whether he intends to forego any claims that may be unexhausted (namely, Claim 1(c), Claim 1(e), and Claim 2(a) to the extent it is based on Claims 1(c) and (e)), or whether he requests a stay at this time, so that he may file an appropriate action for post-conviction

12

relief in State court, within 30 days, through which he could exhaust any unexhausted claims.

## Conclusion

Estabrook is hereby granted leave to file, within 30 days an amended petition, showing cause why this court should not dismiss the petition (doc. no. 1) as time-barred. If Estabrook can demonstrate that his petition is timely, he must also state his intention, as discussed above, regarding any claims that may be unexhausted. Failure to comply with this Order will result in a recommendation that the petition (doc. no. 1) be dismissed.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 1, 2011

cc: Thomas J. Gleason, Esq.