UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Thomas Estabrook

    v.                                         Civil No. 11-cv-096-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**

Before the court is the amended petition for writ of habeas corpus (doc. no. 3) (hereinafter "§ 2254 Petition"), filed by counsel on behalf of petitioner, Thomas Estabrook. Estabrook filed the § 2254 Petition in response to this court's Order (doc. no. 2), granting him leave to amend his original petition (doc. no. 1), to show that the case was not time-barred. The matter is here for preliminary review to determine whether or not the claims raised in the § 2254 Petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Standard of Review**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  In undertaking this review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a petition for federal habeas relief.  See Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991) (habeas petition was properly dismissed on the merits sua sponte, where petitioner's arguments were readily resolved without resort to transcript, and district court had access to pertinent documents filed with petition including parties' state court briefs and state court decision); see also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims); Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

**Background**

The facts and underlying procedural history of the criminal case are clearly stated in the § 2254 Petition (doc. no. 3), including the exhibits attached thereto, and have been summarized in this court's Order (doc. no. 2) (granting Estabrook leave to file amended petition). That background need not be repeated at length here, but is summarized below as necessary to outline the statute of limitations issues that govern the recommended disposition of the matter.

This case arises from charges that Estabrook had sexual contact with his minor stepdaughter in 2008. Estabrook hired Attorney Paul Maggiotto to represent him on the charges. After arranging for an investigation of certain issues in the case, corresponding with the prosecutor, and consulting with Estabrook, Attorney Maggiotto recommended that Estabrook enter guilty pleas on the charges.

On January 14, 2009, Estabrook pleaded guilty to a charge of aggravated felonious sexual assault and a misdemeanor charge of sexual assault. Prior to the hearing, Estabrook had taken an excess of anxiety medication, which he now contends affected his judgment and reasoning ability. The judge sentenced Estabrook on that date to a sentence that included three to eight years in

prison, stand committed, on the felony charge, and one year in jail on the misdemeanor charge, to be served concurrently with the prison term.

Immediately after he was sentenced in January 2009, Estabrook, with the assistance of a family member, requested and received copies of three defense investigation reports. Estabrook reviewed those reports and determined that they contained information that was helpful to his defense, contrary to what Attorney Maggiotto had told him about those reports. Additionally, Attorney Maggiotto's recommendation to Estabrook that he change his pleas predated counsel's receipt of at least one of those reports, which Estabrook asserts shows that counsel could not have reviewed all of the reports before recommending that he accept the plea offer.

In August 2009, Estabrook requested and received copies of his client file from Attorney Maggiotto, and asked for and obtained a copy of the prosecutor's file from the Belknap County Attorney's Office. On August 12, 2009, Estabrook requested that the Belknap County Superior Court provide him with copies of certain information pertinent to his case.

Estabrook determined from reviewing the client file in August 2009 that Attorney Maggiotto had not provided him with

two January 2009 letters from the County Attorney that described the terms of the plea offer.  Estabrook maintains that, prior to the plea hearing, Attorney Maggiotto had led him to believe that the plea agreement called for a one-year committed jail sentence, and that Attorney Maggiotto did not properly explain to him that the agreement with the state actually called for a committed sentence of three to eight years in state prison.

The Superior Court records obtained by Estabrook in August 2009 included a December 23, 2008, notice filed by the County Attorney stating that the State did not object to the defense request for the production of certain cellular phone records, and a December 30, 2008, Superior Court order granting the defendant access to those records.  Attorney Maggiotto had provided neither document to Estabrook.

In August 2009, Estabrook, with a family member's assistance, began the process of attempting to find a lawyer to represent him in filing a motion to withdraw his guilty pleas.  On August 31, 2009, Estabrook filed two pro se motions to obtain a transcript of his plea and sentencing hearing.  On September 30, 2009, Estabrook secured counsel for filing post-conviction proceedings.

Five months later, in March 2010, Estabrook, through counsel, filed a motion to withdraw his guilty pleas and to vacate his convictions. In that motion, Estabrook asserted that Attorney Maggiotto had provided ineffective assistance of counsel in connection with Estabrook's decision to plead guilty, that Estabrook had taken an excess of anxiety medication prior to the change of plea hearing, and that, for those reasons, Estabrook's pleas were not knowing, intelligent, and voluntary. The Superior Court, in an order issued July 16, 2010, denied the motion to withdraw the pleas. On July 23, 2010, Estabrook filed a motion to reconsider which was denied on August 2, 2010.

Estabrook then filed a notice of discretionary appeal in the New Hampshire Supreme Court ("NHSC") seeking review of the Superior Court's denial of his motion to withdraw his plea and vacate his sentences. The NHSC declined the appeal. See State v. Estabrook, No. 2010-0593 (N.H. Oct. 7, 2010) (Ex. 5 to Pet., doc. no. 1-5).

Estabrook filed the instant petition for federal habeas relief under 28 U.S.C. § 2254 in March 2011. The petition asserts that Estabrook was deprived of his Sixth Amendment right to the effective assistance of counsel from Attorney Paul Maggiotto in connection with his change of plea. Additionally,

Estabrook has asserted that his guilty pleas were not knowing, voluntary, and intelligent, and that his convictions and sentence violated his right to due process under the Fourteenth Amendment because the pleas were based on the provision of ineffective assistance of counsel, and because Estabrook took an excess of anti-anxiety medication prior to the change of plea hearing, which affected his judgment and ability to understand the proceedings.

In the § 2254 Petition, Estabrook has asserted the following claims[1]:

> 1. Estabrook was deprived of his Sixth Amendment right to the effective assistance of counsel in connection with the change of plea, in that Attorney Paul Maggiotto:
>
>> (a) misrepresented to Estabrook the specifics of the plea agreement, leading him to believe that the negotiated sentence was for a one-year committed jail sentence;
>>
>> (b) misrepresented to Estabrook the specifics and content of discovery and the nature of information obtained through a defense investigation, and failed to review and discuss that information with Estabrook, prior to recommending that he enter guilty pleas;
>>
>> (c) allowed Estabrook to plead guilty despite knowing that Estabrook's admission of guilt was not true, given that Estabrook had, prior to his guilty plea,

---

[1] The claims identified herein shall be considered to be the claims asserted in the § 2254 Petition (doc. no. 3). If Estabrook disagrees with this identification of the claims, he must properly file an objection to this report and recommendation, or a motion to amend the petition.

7

maintained that he was innocent of the charges;

(d) told Estabrook that if he went to trial he would lose and receive the maximum penalty, possibly resulting in his serving twenty years in prison; and

(e) told Estabrook, during a recess in the change of plea hearing shortly after Estabrook entered his guilty pleas, that he could not withdraw his pleas because no one would believe him.

2.  Estabrook's guilty pleas were not knowing, voluntary, and intelligent, and his convictions and sentence thus violated his right to due process under the Fourteenth Amendment in that:

(a) the pleas were based on the provision of ineffective assistance of counsel, as outlined in Claims 1(a)-(e) above;

(b) Estabrook took an excess of anti-anxiety medication prior to the change of plea hearing, which adversely affected his judgment and ability to understand the proceedings; and

(c) Estabrook, at times prior to the plea hearing, had difficulty following counsel's explanations of issues in the case.

**Discussion**

I.  Statute of Limitations

Acting on its own initiative, a district court may dismiss a § 2254 petition as time-barred, if it provides the petitioner with notice and a fair opportunity to present arguments on the issue, and if a dismissal would serve the interests of justice and not work any unfair prejudice.  See Day, 547 U.S. at 1684.

Here, the court has notified Estabrook of a potential statute of limitations issue in this action, and has before it Estabrook's response. The court may therefore rule on the statute of limitations issue in this case.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., sets a one-year limitations period for federal habeas petitions by state prisoners. See 28 U.S.C. § 2244(d)(1). That period runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review, excluding time spent in post-conviction state proceedings initiated during the one-year period. 28 U.S.C. § 2244(d)(1)(A). Post-conviction state court litigation initiated after AEDPA's one year limitations period has expired does not stop or reset the clock. See Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005).

Here, Estabrook's convictions and sentences became final on January 14, 2009, when he pleaded guilty and was sentenced in Superior Court. The time for filing a direct appeal of his conviction and sentencing expired thirty days later, on February 13, 2009. Estabrook did not file any motions or other applications for post-conviction review until more than a year

later, when he filed the motion to withdraw the pleas on March 10, 2010. In the interim, AEDPA's one-year statutory period expired.

Certain statutory exceptions to the AEDPA limitations period exist where the untimely filing was caused by (1) state-impeded relief, (2) new constitutional rights created by the Supreme Court, or (3) newly discovered facts. See 28 U.S.C. § 2244(d)(1)(B)-(D). Estabrook has not contended that any of those statutory exceptions apply here, and this court finds that none are applicable.

II. Equitable Tolling

The one-year AEDPA statute of limitations is subject to equitable tolling. See Holland v. Florida, ___ U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010). Equitable tolling "should be invoked only sparingly." Ramos-Martinez v. United States, 638 F.3d 315, 322 (1st Cir. 2011) (citation and quotation marks omitted). A habeas petitioner seeking equitable tolling bears the burden of establishing that he has pursued his claims diligently, and that some extraordinary circumstance stood in the way of his timely filing. See Holland, 130 S. Ct. at 2562. Whether equitable tolling should be applied depends on the

"totality of the circumstances." Ramos-Martinez, 638 F.3d at 324.

A. Diligence

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 130 S. Ct. at 2565 (quotation marks and citations omitted). "[T]he district court should ask: did the petitioner act as diligently as reasonably could have been expected under the circumstances?" Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

Here, Estabrook has clearly shown that shortly after the change of plea hearing in January 2009, and thereafter in August and September 2009, he took steps to pursue his federal claims. Those steps culminated in his acquiring evidence to support his claims of ineffective assistance of counsel in August 2009 and in his securing counsel in late September 2009 willing to represent him in state post-conviction proceedings. The record provides no basis upon which this court could find, however, that in the months between February and August 2009, Estabrook pursued his federal claims with reasonable diligence, or that new counsel pursued those claims with reasonable diligence prior

to filing a motion to withdraw the guilty pleas in state court on March 10, 2010.

### B. Exceptional Circumstances

Equitable tolling "is available only in cases in which 'circumstances beyond the litigant's control have prevented'" him from timely filing. Id. at 322 (citation omitted). Here, Estabrook has pointed to no such circumstance, and the court can identify none.

Within a short period of time after the change of plea hearing, Estabrook had in his possession facts relating to several of the Sixth and Fourteenth Amendment claims asserted here: (1) that he had taken an excess of anti-anxiety medication prior to the hearing, which may have affected his judgment; (2) that Attorney Maggiotto had mischaracterized the defense investigation reports as unhelpful to the defense and had misrepresented that he had reviewed those reports, prior to recommending that Estabrook accept the State's plea offer; and (3) that Attorney Maggiotto had misled Estabrook regarding the terms of the State's plea offer, relating to the length of the sentence at issue. By the end of August 2009, Estabrook had acquired all of the information necessary to assert each part of his ineffective assistance of counsel claim, and by the end of

12

September 2009, Estabrook had secured counsel to pursue post-conviction litigation on his behalf.

Estabrook has asserted that at times, during the course of his representation, Attorney Maggiotto enlisted Estabrook's brother to help clarify matters for Estabrook, when counsel found that that Estabrook was having difficulty understanding issues. Estabrook has not specifically asserted facts, however, from which this court could conclude that any impediment in Estabrook's cognitive function, beyond his control, prevented him from timely filing, or had any impact on Estabrook's new counsel's performance. Estabrook has thus failed to show that any extraordinary circumstance prevented either him or his counsel from filing his § 2254 petition in a timely manner, prior to the expiration of the AEDPA statute of limitations.

C. <u>Attorney Error</u>

Estabrook has not offered any reason why his counsel failed to file the motion to withdraw Estabrook's guilty plea in the state court in time to protect Estabrook's ability to later file a federal habeas action, despite being provided with the opportunity to explain why his § 2254 Petition should be considered timely. "'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer

to miss a filing deadline, does not warrant equitable tolling."
Holland, 130 S. Ct. at 2564 (citation omitted). Under certain
circumstances, however, attorney error may be so egregious as to
warrant equitable tolling. See id. (citing cases where courts
held that "egregious" unprofessional conduct constituted
"extraordinary" circumstance, meriting equitable tolling).
Here, however, Estabrook has not provided any facts upon which
this court could find that his attorney's failure to file his
state post-conviction action sooner was the result of an error
so egregious as to warrant the equitable tolling of the AEDPA
limitations period in this matter.

## Conclusion

Having provided Estabrook with notice of the potential
impact of AEDPA's statute of limitations upon this case, and
having provided Estabrook with an opportunity to show why the
action should not be dismissed as time-barred, the court finds
that Estabrook, in his § 2254 Petition (doc. no. 3), has failed
to show any basis for equitably tolling or otherwise avoiding
the application of AEDPA's one-year time bar here. Estabrook
has not shown that he will suffer any unfair prejudice if this
action is dismissed at this time, and the interests of justice

are well-served by dismissing the petition before the State incurs any costs in responding to it.  Therefore, the court should dismiss the § 2254 petition as time-barred.

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

September 8, 2011

cc:   Thomas J. Gleason, Esq.